IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DERL H. HONACHER,

    Plaintiff,

 -vs-

EXECUTIVE DIRECTOR ROBERT.
BEIGHTLER, et al.,

    Defendants.

:  Case No. 3:09-cv-333

:  District Judge Timothy S. Black
  Magistrate Judge Michael R. Merz

:

**SCHEDULING ORDER; ORDER TO PAY FILING FEE**

This case came on for scheduling conference pursuant to Fed. R. Civ. P. 16 by telephone at 9:30 A.M. on Tuesday, June 29, 2010.

In the Order setting the conference (Doc. No. 28), the parties were ordered to be "available at the telephone numbers listed in the docket or advise the Court of a number at which they can be reached." The number listed in the docket for Plaintiff is 614-725-0517, but no one answered at that number at the time of the conference, despite numerous attempts. On his Notice of Appeal (Doc. No. 30), Plaintiff listed the number 614-440-8736. Upon attempting to reach him at that number, the Court was advised that the subscriber was not accepting calls. Accordingly, the Court concludes that Plaintiff waived his right to be present for the pretrial conference.

The parties have not unanimously consented to plenary magistrate judge authority under 28 U.S.C. § 636(c) and accordingly the case will remain on the trial docket of District Judge Timothy S. Black, but on Magistrate Judge Merz's docket for all pretrial purposes, up to but not including the final pretrial conference. The parties are reminded that they have the continuing

-1-

right to consent to magistrate jurisdiction until the case is tried. However, failure to consent will have no adverse substantive consequences.

The Court adopts the suggested deadlines from the parties' Rule 26(f) Report (Doc. No.32) as follows:

### PERTINENT SETTINGS

| | | |
|---|---|---|
| 1. | Required disclosures under Fed. R. Civ. P. 26(a)(1) (including "medical package and damages package"[1]: | June 25, 2010 |
| 2. | Settlement demand by Plaintiff upon Defendant made or to be made by: | September 1, 2010 |
| 3. | "Cut-off" date for filing of motions directed to pleadings (including motions to dismiss filed pursuant to Fed. R. Civ. P. 12): | September 3, 2010 |
| | "Cut-off" date for motions to amend pleadings and/or to add parties: | August 2, 2010 |
| | Following these dates, amendments to pleadings and motions directed to pleadings may be made only upon leave of court, with notice to opposing counsel. | |
| 4. | Identification of lay witnesses with synopsis of their testimony to be filed by: | August 16, 2010 |
| 5. | The dates to reveal the identity of expert witnesses, together with a copy of the expert's report are: | |

---

[1] Medical reports, medical bills, lists of special damages, certification of wage loss, hospital bills and records, other bills and expenses, etc. Plaintiff's counsel is under a continuing duty to update or supplement these packages as further information becomes available.

    Primary Experts:

|  |  |
|---|---|
| On liability | November 5, 2010 |
| On damages | November 5, 2010 |

    Rebuttal Experts:

|  |  |
|---|---|
| On liability | December 17, 2010 |
| On damages | December 17, 2010 |

6. Requests for admissions:                                                                December 3, 2010

7. "Cut-off" deadline for discovery*:                                       January 14, 2011

8. "Cut-off" date for filing of motions not directed to pleadings     February 4, 2011
      (including motions for summary judgment):

9. Proposed Joint Final Pretrial Order by parties to be filed     3 days prior to FPTC
no later than:

10. Trial exhibits to be exchanged by:                                     3 days prior to Trial

11. Final Pretrial Conference to be held:
    In Chambers at 10:00 a.m. on:                                              June 2, 2011

12. Trial on the merits,
    before the Court, beginning at 9:30 a.m.:                           June 20, 2011

13. Further status conference set for:

*Absent agreement among counsel or approval by the Court, there will be no continuation of discovery beyond the discovery cut-off date. If counsel extend discovery by agreement, there will be no supervision or intervention by the Court, such as a Fed. R. Civ. P. 37 request for sanctions, without a showing of extreme circumstances. Parties who undertake to extend discovery beyond the cutoff date do so at the risk the Court may not permit its completion prior to trial.

No trial setting will be vacated due to the failure to complete discovery, except under the most unusual of circumstances.

The term "discovery" includes any depositions for presentation at trial in lieu of appearance.

The discovery "cut-off" deadline means that all discovery must be concluded, as opposed to simply requested, by the discovery "cut-off" date. Purely as a hypothetical example, request for the production of documents, with a 30-day response time, must be served upon the opposing party in sufficient time to allow said party to respond prior to the discovery "cut-off" date.

No extension of the discovery "cut-off" deadline will be allowed if such extension would impact adversely on the trial date set herein.

### Limiting Personal Information in Court Records

The judiciary's privacy policy restricts publication of certain personal data in documents filed with the Court. Therefore, in documents filed with the Court, please (1) limit Social Security and financial account numbers to the last four digits, (2) use only initials for the names

of minors, (3) limit dates of birth to the year, and (4) in criminal cases, limit home addresses to city and state. Please do not elicit the omitted information when examining witnesses in open court. If the omitted information is mentioned in open court, please ask to have it stricken or to have the transcript redacted before filing. The Court has authority to enforce the privacy policy on its own motion.

When the Court granted Plaintiff leave to proceed *in forma pauperis*, it also ordered, as required by the Prison Litigation Reform Act, collection of the full filing fee, but in installments (Doc. No. 5). A payment of $10.00 was received on October 20, 2009 (Doc. No. 10), but no additional payments have been made. Plaintiff is no longer incarcerated and must therefore make the payments directly to the Court. It is hereby ordered that Plaintiff pay the sum of $10.00 to the Clerk of this Court on the tenth of each month, commencing July 10, 2010, until the filing fee is paid in full. Failure to make payments will result in dismissal of the case for want of prosecution.

June 29, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge